UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALIK ABDUL-MUHAMMAD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:04CV57CDP |
| GARY KEMPKER, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS TWO CLAIMS FOR FAILURE TO EXHAUST**

Defendants Gary Kempker, Steve Long, Winfrey Dickerson, Allen Luebbers, Pat Smith, Charles Dwyer, Thomas King, George Lombardi, Don Roper, and Dora Schriro move this court to dismiss two claims in Plaintiff Junaid's complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a), and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In support of this motion, defendants state as follows:

**INTRODUCTION**

Plaintiffs Malik Abdul-Muhammad and Rashid Junaid filed this action on January 15, 2004 pursuant to 42 U.S.C. §1983.  Muhammad and Junaid alleged that: 1) their request for Islamic food was denied; 2) their request to have members of the Islamic community be allowed to attend each others church services was denied; 3) their request to wear religious headgear was denied; 4) their request to conduct religious fundraisers was denied; 5) the Missouri Department of Corrections discriminated against the Muslim

1

community at Potosi Correctional Center in the hiring of prison chaplains; 6) the Missouri Department of Corrections refused to accept money sent from outside sources for Muhammad and Junaid that had their legally changed name on it; 7) they were denied the right to hold an Arabic class and a prayer class; and 8) Muhammad and Junaid were retaliated against by defendants for filing a prior lawsuit.  Muhammad and Junaid also alleged that defendants used the prison grievance process in an unlawful manner and that they conspired to conceal violations of plaintiffs' civil rights.

Defendants filed a motion to dismiss plaintiffs' complaint in its entirety for failure to exhaust under the PLRA on October 27, 2004.  Defendants argued that plaintiffs' complaint should be dismissed because they failed to exhaust their claims against each individual defendant and because the complaint contained both exhausted and unexhausted claims.  On February 8, 2005, this Court entered its Order granting defendants' motion to dismiss.  Plaintiffs filed a notice of appeal from that judgment on March 10, 2005.

On June 14, 2006, the Eighth Circuit issued its opinion affirming the district court's dismissal.  Plaintiffs' petition for rehearing was denied on August 10, 2006.  On November 2, 2006, Plaintiff Junaid filed a petition for writ of certiorari in the United States Supreme Court.

On January 22, 2007, the United States Supreme Court issued its decision in *Jones v. Bock*, -- U.S. --, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  In *Bock* the Supreme Court ruled that an inmate's complaint was not automatically rendered noncompliant with the PLRA exhaustion requirement when not all defendants named in the complaint had been

named in previous grievances. *Bock*, 127 S.Ct. at 922-923. The Supreme Court also held that total exhaustion was not required under the PLRA. *Id.* at 925.

In their response to Junaid's petition for writ of certiorari, defendants requested that the Supreme Court grant Junaid's petition, vacate the judgment of the Eighth Circuit, and remand the matter to the Eighth Circuit for reconsideration in light of *Bock*.

On remand, the Eighth Circuit ruled that because Muhammad did not join in Junaid's appeal to the United States Supreme Court, the Eighth Circuit's dismissal stood as to Muhammad. The Eighth Circuit remanded Junaid's claims to this Court for further consideration in light of *Bock*.

This motion to dismiss follows.

## ARGUMENT

### I. Standard of Review

In order to avoid dismissal for failure to state a claim, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974. --- L.Ed.2d. --- (May 21, 2007). Failure to exhaust may be a basis for dismissal for failure to state a claim. *Bock*, 127 S.Ct. at 921. "Though pro se complaints are to be construed liberally . . . they must still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### II. Junaid's claims that defendants used the grievance process in an unlawful manner and that defendants conspired to conceal violations of his civil rights should be dismissed for failure to exhaust.

In addition to the eight claims listed above, Junaid also alleged in his complaint that "defendants unlawfully used the grievance procedure to suppress the Muslim community." *Complaint, additional page 1, "Defendants"*. Junaid further alleged that "each defendant is charged with conspiracy to conceal the violations of plaintiff['s] civil rights, and to make false documentation of those crimes." *Id. at p. 2*.

"Under 42 U.S.C. §1997e, a prisoner cannot bring a §1983 action with respect to prison conditions without first exhausting his administrative remedies." *Dashley v. Correctional Medical Services*, 345 F.Supp.2d 1018, 1022 (8th Cir. 2004). If a complaint contains both "good and bad" claims, the court proceeds with the "good" claims and leaves the "bad." *Bock*, 127 S.Ct. at 913.

Missouri has a four-step process for inmates to internally grieve complaints against prison officials, namely: informal resolution request, grievance, grievance appeal, and second appeal. *Smith v. Stubblefield*, 30 F.Supp.2d 1168, 1174 (E.D.Mo. 1998). The grievance process is considered fully exhausted after completion of the first appeal. *Id.*

Here, the prison grievances filed by Junaid have been well documented. *See Defendants' First Motion to Dismiss and Memorandum in Support with attached Exhibits A-P* [Doc. # 16-17]; *Plaintiffs' Response in Opposition to First Motion to Dismiss with attached Exhibits A-P* [Doc. # 19]; and *Defendant's Reply Memorandum* [Doc. #20]. None of these grievances addressed Junaid's allegations that defendants unlawfully used the grievance process and conspired to conceal violations of his civil rights.

As this Court acknowledged in its February 8, 2005 Order, "the complaint alleges that the defendants individually violated the plaintiffs' constitutional rights by using the grievance procedure in an unlawful manner.  This is an entirely separate claim that has yet to be exhausted." *Memorandum & Order, p. 5-6*.  [Doc. # 21].   Thus, the two unexhausted claims in Junaid's complaint should be dismissed for failure to exhaust.

## CONCLUSION

WHEREFORE, for these reasons, defendants respectfully request that this Court issue its Order dismissing Junaid's unexhausted claims, and for any further relief this Court deems appropriate.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

 */s/ Dana C. Ceresia*
Dana C. Ceresia, #51091
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
(314) 340-7861 (telephone)
(314) 340-7029 (fax)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 24, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Lawrence R. Goldberg
Christopher Wehrle
Goldberg Wehrle LLC
851 N. Spoede Rd.
Suite 200
St. Louis, MO 63141


                                 */s/ Dana C. Ceresia*
                                 Assistant Attorney General